MODESTO RUIDÍAZ, Plaintiff and Appellant, v. JOSÉ MÉNDEZ PÉREZ ET AL., Defendants and Appellees.

No. 5005.   Argued January 23, 1930.—Decided May 31, 1930.

*C. del Toro Fernández* for appellant.   *José C. Jusino* for appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

In an action prosecuted in the District Court of San Juan, on a complaint filed by Modesto Ruidíaz, as intervener, against José Méndez and others, involving a petition for a writ of injunction, the court rendered judgment against said intervener and quashed the writ issued. It decreed that the property involved in the litigation be held as security for a certain judgment, and adjudged the intervener Modesto Rui-

díaz to pay the costs and the expenses of the suit. The prevailing party filed a memorandum of costs which was opposed by Ruidíaz, and the court, after hearing the parties and weighing the evidence introduced, approved the memorandum as follows:

"ORDER. The court hereby approves the following items of the memorandum of costs and disbursements, filed by the defendant and objected to by the plaintiff:

"Compensation to witnesses: to Juan Orraca, for two trips from Bayamón to San Juan, $10; to José Orraca, one trip from Bayamón to San Juan, $5; to José Méndez, two trips from Bayamón to San Juan, $10; notices in 'La Democracia' in the continued case, $8.75; order to the marshal for the public auction, $3; postage for seven registered· letters, $1.40; service of summons on witnesses on three different occasions, $15; record of the certificate of attachment in the registry of property, $2; entry of judgment in the intervention proceedings, $2; certificate of judgment issued by clerk of the court, $0.60; attorney's fees for three hearings in the injunction proceedings, assessed by the court at $300; attorney's fees in intervention proceedings, assessed by the court at $700. Total $1,067.75.

"And it is ordered and decreed that plaintiff Modesto Ruidíaz, in due course and after compliance with the requirements of law, pay to defendant José Méndez Pérez the sum of $1,067.75 as the total amount of the memorandum of costs.

"San Juan, Puerto Rico, December 31, 1928."

The present appeal has been taken from the above order by Modesto Ruidíaz, who has assigned two errors, the first of which reads as follows:

"The District Court for the Judicial District of San Juan erred in approving the following items: $10 to José Orraca, $5 to José Ramos, and $10 to José Méndez, without the defendant and appellee having justified the same and notwithstanding the fact that these items had been opposed on oath."

The fact that an oath was appended to the opposing documents is not a matter of great importance, because, in the first place, the items in the memorandum had been submitted also under oath, and, in the second place, because the oath in these cases of taxation of costs, although a verification

supporting the fact of the disbursement of the items included, has nothing to do with the question of whether the amounts claimed are adequate or excessive.

The items in controversy refer to trips which, it is claimed, were made by the witnesses Orraca, Méndez and Ramos, the first two having made two trips each and Ramos one trip, which trips were paid at the rate of $5 each. If the items cover only traveling expenses, the amount is rather high and there is no justification for it. If other disbursements were meant to be included such as compensation, etc., they should have been so shown.

The appellant is right as to the first error assigned by him.

The second assignment of error is as follows:

"The District Court for the Judicial District of San Juan erred in wrongfully exercising its discretion by granting to the other party as attorney's fees the sum of one thousand dollars, which in the present case is unreasonable and excessive."

It appears that the property involved herein had been adjudicated to Ruidíaz for $700. But it also appears that it had been mortgaged to Méndez for $2,644.65. It seems certain that its value was not $700, but a much larger sum, since it had to cover at least the amount of the mortgage.

We have considered very carefully the pleadings and the briefs of counsel. The principal questions relate to priority, whether of credits, of attachment, or of records, and their effect. Perhaps not all the questions raised were absolutely necessary. Three hearings were had in the last of which the proceedings were simplified, the parties making stipulations in regard to some of the facts alleged; and it seems that another hearing was held in the intervention proceedings. But this is not a matter of great importance.

As to obstinacy (*temeridad*), it was made the basis for the imposition of costs; and in the case at bar such ground is justified.

The prevailing party estimated the attorney's fees in the intervention proceedings at $1,500, and in the injunction proceedings at $800. The court reduced the above amounts to $700 in the intervention proceedings and to $300 in the proceedings for injunction.

The evidence affords sufficient data for a fair estimate of the work of counsel, the effort and study it entailed and its importance in general.

It is true that the value of the subject matter of the suit can not be exactly determined; but we think that from the data furnished by the record the amount in controversy can not be estimated at more than $3,000. The amount involved in a suit is one of the elements, but not the only one or the most important, to be considered in fixing the amount of the attorney's fees.

The appellant invokes the decision in *Beltrán* v. *Carrasquillo,* 29 P.R.R. 524, where it was held that in estimating the amount of attorney's fees account should be taken generally of the amount and nature of the subject-matter of the suit; and those in *Rosa* v. *Díaz,* 33 P.R.R. 192; *Díaz* v. *P. R. Ry. etc.,* 33 P.R.R. 24, and *López Ramírez* v. *Benítez,* 34 P.R.R. 563, in which this court reduced the attorney's fees originally allowed.

If we must make an estimate of the proper amount, without detracting anything from the merits of the work done by counsel, we think that the sum of $500 as attorney's fees in the intervention proceedings and $300 as such fees in the injunction proceedings, allowed as part of the costs awarded to the prevailing party, would be just and reasonable.

For the reasons stated, the order appealed from will be modified so as to fix at $800 the total amount of the attorney's fees and at $3 the amount allowed for each trip, and thus modified affirmed.